Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE BAYAMÓN
PANEL X

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>Apelado<br><br>V.<br><br>MARISOL GONZÁLEZ RAMOS<br><br>Apelante | KLAN202301100 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Vega Baja<br><br>Caso Núm.:<br>BY2022CV00441<br><br>Sobre:<br>Ejecución de Hipoteca *IN REM* |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 25 de enero de 2024.

El 7 de diciembre de 2023, compareció ante este Tribunal de Apelaciones, la señora Marisol González Ramos (en adelante, señora González Ramos o parte peticionaria) mediante *Apelación Civil[1]*. Por medio de esta, nos solicita que, revisemos la *Resolución* emitida y notificada, el 7 de noviembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Vega Baja. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar una solicitud de reconsideración presentada por la parte peticionaria.

Por los motivos que se exponen a continuación, se desestima el recurso de epígrafe por defectuoso.

**I**

Los hechos que propiciaron el recurso de epígrafe se remontan a una *Demanda* presentada el 4 de febrero de 2022,

---

[1] Mediante *Resolución* emitida el 12 de diciembre de 2023, el recurso de epígrafe fue acogido como un *Certiorari* por ser lo procedente en derecho, sin embargo, se mantuvo inalterada su identificación alfanumérica por motivos de economía procesal.

Número Identificador

SEN2024 _____

por el Banco Popular de Puerto Rico (en adelante, BBPR o parte recurrida) sobre ejecución de hipoteca. En esencia, BPPR alegó ser la tenedora de un pagaré suscrito solidariamente por la parte peticionaria, a favor de Doral Bank por la suma de $102,320.00 de principal. Señaló que, el aludido pagaré devengaba intereses a razón del 5.00% anual, pagadero mediante un primer plazo a vencer el día 1ro de diciembre de 2005 y subsiguientes plazos en igual día de cada mes consecutivo posterior hasta el pago total de la deuda, la cual de no haber sido satisfecha antes, vencerá el día 1ro de noviembre de 2025. Indicó, además que, se había constituido una hipoteca voluntaria con carácter primario sobre un inmueble ubicado en el Municipio de Vega Baja, con el propósito de garantizar el pago de la deuda referente al pagaré antes mencionado. De igual manera, acotó que, la parte peticionaria había incumplido con la forma de pago convenida para el repago del préstamo y que por ello, la parte recurrida declaró vencida la totalidad de la deuda conforme a los términos del pagaré. De acuerdo a lo anterior, sostuvo que, la parte peticionaria adeudaba solidariamente la suma de $42,923.28, balance principal del aludido pagaré, los intereses convenidos al 5.00% anual devengado sobre tal suma, desde el 1ro de octubre de 2019 y los que se devenguen hasta su total y completo pago, así como los cargos por mora incurridos y los que se devengasen. Asimismo, aseguró que, la deuda se encontraba vencida, líquida y exigible, y que, no había sido satisfecha por la parte peticionaria, pese a los múltiples requerimientos de la parte recurrida. A estos efectos, solicitó al foro primario que ordenara la venta de la propiedad inmueble en cuestión con el fin de que

con el producto de la venta se pagase lo adeudado a la parte recurrida.

Posteriormente, el 15 de febrero de 2022, la parte recurrida presentó la *Solicitud de Mediación al Amparo de la Ley 184-2012, Según Enmendada Mediante la Ley 38-2019 del 2 de mayo de 2019*. Por medio de esta, le solicitó al Tribunal de Primera Instancia que, refiriera el caso de epígrafe al Centro de Mediación de Conflictos conforme a la Ley Núm. 184-2012, según enmendada, mediante la Ley Núm. 38-2019, conocida como "Ley para Mediación Compulsoria y Preservación de tu Hogar en los Procesos de Ejecuciones de Hipotecas de una Vivienda Principal".

Consecuentemente, la primera instancia judicial emitió la *Orden de Referido al Centro de Mediación de Conflictos en Casos de Ejecución de Hipotecas*. Ello con el propósito de que, la parte recurrida le notificara a la parte peticionaria – como deudor hipotecario – todas las alternativas disponibles para evitar la ejecución de la hipoteca o la venta judicial en pública subasta, y así lograr llegar a un acuerdo satisfactorio para las partes resolver la controversia. Mediante la referida orden, el foro *a quo* les apercibió a las partes que, la participación en la sesión de mediación era obligatoria bajo pena de desacato.

El 10 de marzo de 2022, la parte peticionaria presentó una *Solicitud de Prórroga*. Por medio de la anterior, le solicitó al foro primario que le concediera un término adicional de veinticinco (25) días para presentar la contestación a la demanda. Mediante *Orden* emitida el 15 de marzo de 2022, el foro recurrido le concedió a la parte peticionaria la prórroga solicitada.

Posteriormente, el 11 de abril de 2022, la señora González Ramos presentó la *Moción Informativa y en Solicitud de Orden*,

donde expresó que se encontró imposibilitada de asistir a una vista celebrada el 11 de marzo de 2022, por alegadamente desconocer que se iniciaría el proceso de ejecución de hipoteca.

El 18 de abril de 2022, el Tribunal de Primera Instancia notificó una *Orden* donde le concedió a BBPR veinte (20) días para expresarse en torno a la *Moción Informativa y en Solicitud de Orden* presentada por la señora González Ramos.

Así las cosas, el 2 de mayo de 2022, BBPR presentó la *Moción en Cumplimiento de Orden y Sol[i]citud de Paralizaci[ó]n*. A través de esta, le solicitó al foro de primera instancia la paralización de los procedimientos por un término de noventa (90) días, debido a una declaración de desastre mayor emitida el 29 de marzo de 2022, por el Presidente de Estados Unidos de América, Joseph R. Biden, Jr.

Por medio de *Orden* emitida el 4 de mayo de 2022, la primera instancia judicial decretó la paralización de los procedimientos hasta el 28 de junio de 2022.

El 13 de junio de 2022, compareció el Centro de Mediación de Conflictos mediante *Moción Informativa sobre Conclusión de la Mediación de Ejecución de Hipoteca Atendido Mediante Servicio de Videoconferencia*. En virtud de esta, le notificó al foro primario que se daba por concluida su intervención para dar paso al trámite judicial correspondiente, ello en vista de que, la señora González Ramos había enviado un correo electrónico donde indicó su desistimiento al proceso de mediación.

Por otro lado, el 13 de julio de 2022, BBPR presentó la *Solicitud de Anotaci[ó]n de Rebeld[í]a y Sentencia*. Adujo que, la parte peticionaria no había presentado alegación responsiva alguna contra la demanda, a pesar de haber transcurrido en

exceso el término para hacerlo. Conforme a lo anterior, solicitó que se le anotase rebeldía a la señora González Ramos y que se dictase sentencia en rebeldía a favor de BPPR.

Subsiguientemente, el 3 de agosto de 2022, el foro de primera instancia emitió una *Sentencia*, en la cual declaró Con Lugar la *Demanda* y ordenó la venta en pública subasta del inmueble en cuestión.

El 6 de septiembre de 2022, BPPR presentó la *Solicitud de Ejecución de Sentencia*. Posteriormente, el foro *a quo* emitió la *Orden de Ejecución de Sentencia y Venta de Bienes*. Asimismo, emitió el *Mandamiento de Ejecución de Sentencia*.

Luego de varios trámites procesales, innecesarios pormenorizar, el 15 de noviembre de 2022 fue llevada a cabo la venta en pública subasta del inmueble ubicado en el Municipio de Vega Baja. Según surge del expediente, en la subasta se le adjudicó la propiedad inmueble al señor Gustavo Centeno Negrón, en representación de CFC 2022, Inc. por la suma total de $110,000.00.

El 23 de noviembre de 2022, la parte peticionaria presentó la *Moción por Derecho Propio "Urgente"*, donde solicitó reconsideración sobre la determinación del foro primario. Además, alegó que, desconocía que la propiedad inmueble ubicada en Vega Baja sería vendida en pública subasta. Aseguró que, no se le notificó sobre la ejecución de la propiedad. Añadió que, el edicto que notificaba la celebración de la subasta no fue publicado por dos (2) semanas en el periódico y que, el proceso fue injusto, sin aviso y sin buena fe.

En respuesta, el 9 de diciembre de 2022, BPPR presentó la *Moción en Cumplimiento de Orden*. Por medio de esta, sostuvo

que, la señora González Ramos había sido debidamente notificada de todo el proceso de ejecución de hipoteca llevado en su contra.

Mediante *Moción,* la señora González Ramos alegó que, nunca recibió aviso alguno por parte de BPPR en cuanto a atrasos en los pagos de hipoteca. Entre otras cosas, acotó que, en el proceso de mediación BPPR se negó a recibir los pagos adeudados. Solicitó que se comenzara un nuevo proceso con el propósito de lograr mantener el dominio de la propiedad inmueble.

Luego de varias incidencias procesales, innecesarias pormenorizar, el 7 de noviembre de 2023, el Tribunal de Primera Instancia emitió la *Resolución* cuya revisión nos ocupa. En virtud de esta, el foro primario determinó que, la señora González Ramos había sido emplazada conforme a derecho y que por ello, ostentaba jurisdicción sobre su persona. Además, concluyó que, la parte peticionaria tuvo amplia oportunidad de comparecer y ser oída antes de dictarse la sentencia, pero que, no obstante, esta no contestó la *Demanda.* Finalmente, declaró No Ha Lugar la solicitud de reconsideración presentada por la parte peticionaria.

Inconforme, la señora González Ramos presentó el recurso de epígrafe, donde nos solicitó que revisáramos la resolución recurrida. Cabe destacar que, la parte peticionaria no esbozó ningún señalamiento de error.

Mediante *Resolución* emitida el 12 de diciembre de 2023, este Tribunal le ordenó a la parte peticionaria acreditar en o antes del 15 de diciembre de 2023, haber notificado copia del recurso de epígrafe al Tribunal de Primera Instancia de conformidad con

la Regla 33(A), y a la parte recurrida, de conformidad con la Regla 33(B) del Reglamento de este foro apelativo. Se le apercibió, además, que, el incumplimiento con lo ordenado daría lugar a la desestimación.

A estos efectos, el 15 de diciembre de 2023, la señora González Ramos, por derecho propio, presentó la *Moción Informativa Cumpliendo con Resolución 12-dic-2023*. Junto a esta acompañó copia de la *Moción por Derecho Propio* que acredita la notificación de la presentación del recurso al Tribunal de Primera Instancia. De igual manera, acompañó unas capturas de pantalla de unos correos electrónicos con fecha del 8 de diciembre de 2023, dirigidos a la representación legal de la parte recurrida intitulados *Comparto ´Apelación Resolución 7 de noviembre de 2023 BY2022CV00441 201´ Contigo*.

Posteriormente, el 21 de diciembre de 2023, la parte recurrida presentó *Solicitud de Desestimación*. Por medio de la aludida moción, BPPR sostuvo que, la parte peticionaria no había notificado el recurso dentro del término dispuesto por la Regla 33(B) del Reglamento de este Tribunal. Añadió que, no surgía que la parte peticionaria le hubiese notificado la presentación del recurso a CFC 2022, Inc. o a su representante, el señor Gustavo Centeno Negrón, quien era parte indispensable en el caso al ser la entidad a la que se adjudicó la propiedad inmueble. Conforme ello, solicitó la desestimación del recurso.

El 22 de diciembre de 2023, la parte peticionaria presentó un documento intitulado *Copia del Expediente TPI BY2022CV00441*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".

*Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

## B. Jurisdicción

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Miranda Corrada v. DDEC et al.,* 2023 TSPR 40, 211 DPR ___ (2023); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020); *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-500 (2019). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022); *Torres Alvarado v. Madera Atiles*, supra, pág. 500. La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020); *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Suffront v. AAA*, 164 DPR 663, 674 (2005).

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Íd.*; *Autoridad para el Financiamiento de la Infraestructura de Puerto Rico v. Carrión Marrero*, supra; *Mun. De San Sebastián v. QMC Telecom*, 190 DPR 652, 600 (2014); *Suffront v. AAA*, supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 394-395 (2022).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[2], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### C. Perfeccionamiento de Recursos

Como norma general, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). Es por lo que, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). El incumplimiento con las disposiciones reglamentarias sobre forma, contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. *Pueblo v. Valentín Rivera*, 197 DPR 636, 641 (2017). Nuestra Máxima Curia ha requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de nuestro Tribunal Supremo como de este Tribunal de Apelaciones. *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Arriaga v. FSE*, 145 DPR 122, 130 (1998).

La Alta Curia ha dispuesto que, para que un recurso quede perfeccionado es necesaria su oportuna presentación y notificación del escrito a las partes apeladas. *González Pagán v. Moret Guevara*, 202 DPR 1062, 1070-1071 (2019). El Reglamento del Tribunal de Apelaciones, en su Regla 33(B) dispone que, el recurso de *certiorari* que se someta a la consideración del Tribunal

---

[2] 4 LPRA Ap. XXII-B, R. 83.

de Apelaciones deberá ser notificado a los abogados o abogadas en récord, o en su defecto, a las partes dentro del término dispuesto para la presentación del recurso, es decir, dentro del término de treinta (30) días a partir del archivo en autos de la copia de la notificación de la resolución u orden recurrida[3]. Este término es uno de cumplimiento estricto[4].

Con relación a los términos de cumplimiento estricto y jurisdiccional, el Tribunal Supremo de Puerto Rico expresó en *Soto Pino v. Uno Radio Group*, supra, pág. 92, lo siguiente:

> Es norma harto conocida en nuestro ordenamiento que un término de cumplimiento estricto puede ser prorrogado por los tribunales. Ello a diferencia de los llamados términos jurisdiccionales, cuyo incumplimiento impide la revisión judicial por privar de jurisdicción a los tribunales. Véase *Cruz Parrilla v. Depto. Familia,* 184 D.P.R. 393 (2012). Sin embargo, para prorrogar un término de cumplimiento estricto "generalmente se requiere que la parte que solicita la prórroga, o que actúa fuera de término, presente justa causa por la cual no puede cumplir con el término establecido". *Íd.* pág. 403.

Dicha norma fue reiterada posteriormente, en *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 170 (2016), al indicar que "los tribunales *no gozan de discreción para prorrogar los términos de cumplimiento estricto automáticamente*"[5]. En el aludido caso[6], el Tribunal Supremo dispuso lo siguiente:

> [E]l foro adjudicativo tiene discreción para extender un término de cumplimiento estricto **solo cuando la parte que lo solicita demuestra justa causa para la tardanza**. Al ser así, se le requiere a quien solicita la prórroga o a quien actúe fuera del término que presente justa causa por la cual no puede o pudo cumplir con el término establecido.[7] En conformidad con esto, nuestra última instancia judicial ha reafirmado que los tribunales podrán eximir a una parte de observar el cumplimiento con un término de este tipo únicamente si concurren las condiciones siguientes: **(1) que en efecto exista**

---

[3] 4 LPRA Ap. XXII-B, R. 33(B).
[4] 4 LPRA Ap. XXII-B, R. 33(B).
[5] *Soto Pino v. Uno Radio Group,* supra, pág. 93.
[6] *Rivera Marcucci et al. v. Suiza Dairy*, supra, pág. 171.
[7] *Soto Pino v. Uno Radio Group*, supra, pág. 92.

**justa causa para la dilación y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación, es decir, que acredite de manera adecuada la justa causa aludida**.[8] (Énfasis nuestro).

Las partes litigantes deben atender estos requerimientos con seriedad, ya que "[n]o se permitirá desviación alguna del plazo [...] so pena de desestimación del recurso, a menos que la tardanza ocurrida se justifique detalladamente y a cabalidad". *Pueblo v. Fragoso Sierra*, 109 DPR 536, 539 (1980). Con respecto al requisito de justa causa, en *Soto Pino v. Uno Radio Group*, supra, nuestra Alta Curia reiteró que la justa causa se acredita mediante explicaciones "concretas y particulares, -debidamente evidenciadas en el escrito- que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora". *Soto Pino v. Uno Radio Group*, supra pág. 93 citando a *Febles v. Romar*, 159 DPR 714, 720 (2003).

Finalmente, conforme ha resuelto el Alto Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. *Morán v. Marti*, 165 DPR 356, 367 (2005).

En consonancia con lo anterior, nuestra última instancia judicial expresó en *Hernández Jiménez v. AEE*, 194 DPR 378, 382-383 (2015) que:

> Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores.[9] Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los

---

[8] *Id.*, pág. 93.
[9] *García Morales v. Mercado Rosario*, 190 DPR 632, 638 (2014).

recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.[10]

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a resolver.

**III**

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si ostentamos jurisdicción para atender el recurso de epígrafe. Veamos.

Según reseñáramos, la parte peticionaria nos solicita que revisemos la *Resolución* emitida y notificada, el 7 de noviembre de 2023, por el Tribunal de Primera Instancia.

Mediante *Resolución* emitida el 12 de diciembre de 2023, le ordenamos a la parte peticionaria acreditar en o antes del 15 de diciembre de 2023, haber notificado copia del recurso de epígrafe al Tribunal de Primera Instancia de conformidad con la Regla 33(A), y a la parte recurrida, de conformidad con la Regla 33(B) del Reglamento de este foro apelativo. Se le apercibió, además, que, el incumplimiento con lo ordenado daría lugar a la desestimación.

El 15 de diciembre de 2023, la señora González Ramos, por derecho propio, presentó la *Moción Informativa Cumpliendo con Resolución 12-dic-2023*. Junto a su moción acompañó copia de la *Moción por Derecho Propio*, que acredita la notificación de la presentación del recurso al Tribunal de Primera Instancia. De igual manera, acompañó unas capturas de pantalla de unos correos electrónicos con fecha del 8 de diciembre de 2023, dirigidos a la representación legal de la parte recurrida intitulados

---

[10] *Soto Pino v. Uno Radio Group*, supra, pág. 90; *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Arriaga v. FSE*, supra, pág. 130.

*Comparto ´Apelación Resolución 7 de noviembre de 2023 BY2022CV00441 201´ Contigo.*

Al examinar los documentos presentados por la parte peticionaria, no se desprende del expediente que esta le hubiese notificado adecuadamente a BPPR. Aun si diéramos por buenas las capturas de pantalla presentadas por la señora González Ramos, surge que, esta no notificó dentro del término dispuesto por la Regla 34(B) de este Tribunal. Puesto que, las aludidas capturas de pantalla muestran que la parte peticionaria envió los correos electrónicos el 8 de diciembre de 2023, a pesar de tener disponible hasta el 7 de diciembre de 2023 para notificar el recurso de epígrafe. De igual forma, de ninguna manera se desprende del expediente que, la parte peticionaria hubiese notificado a CFC 2022, Inc.[11], sobre la presentación del recurso de marras.

La Regla 33(B) del Reglamento de este Tribunal es clara al expresar que, la parte peticionaria deberá notificar el recurso de *certiorari* dentro del término dispuesto para la presentación del recurso, siendo este un término de estricto cumplimiento.[12] La parte peticionaria tenía disponible hasta el 7 de diciembre de 2023 para presentar y notificar el recurso a la parte recurrida, no obstante, no cumplió con notificarlo dentro de tal término. Es por lo que, ante el incumplimiento con las disposiciones reglamentarias de este tribunal sobre la notificación de los recursos apelativos, procede la desestimación del recurso de epígrafe.

De acuerdo con lo antes esbozado, procedemos a desestimar el recurso de epígrafe de conformidad con la Regla

---

[11] Identificada como la entidad que se adjudicó la propiedad en pública subasta.
[12] 4 LPRA Ap. XXII-B, R. 13(B).

83(C) del Reglamento de este Tribunal[13], el cual le confiere facultad a este Tribunal para a iniciativa propia desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**IV**

Por los fundamentos que anteceden, se desestima el recurso de epígrafe por falta de jurisdicción, por notificación tardía.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[13] 4 LPRA Ap. XXII-B, R. 83(C).